# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2021

Lyle W. Cayce
Clerk

No. 19-60868
Summary Calendar

ELDER LEONEL VILLALOBOS MELENDEZ; PATRICIA CARLOLINA
MEDINA-ZARAVIA; MERY VILLALOBOS-MEDINA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 151 506
BIA No. A208 364 344
BIA No. A208 364 345

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Elder Leonel Villalobos Melendez, his wife Patricia Carlolina Medina-Zaravia, and their daughter, natives and citizens of Honduras, petition for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

review of the Board of Immigration Appeals' (BIA) denying relief. The wife and daughter seek asylum, withholding of removal, and protection under the Convention Against Torture (CAT); Elder seeks the latter two forms of relief.

The family describes a series of threats designed to compel them to abandon criminal and civil actions in Honduras, contending these threats constitute past, and fear of future, persecution. In the alternative, they claim the harm they suffered was based on political opinion. Additionally, they assert they are eligible for protection under CAT because the Honduran government would be complicit in their persecution.

The BIA's factual findings are reviewed for substantial evidence; questions of law, *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Decisions denying asylum, withholding of removal, and CAT relief are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under such a standard, reversal is improper unless the evidence compels a contrary conclusion. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

For the asylum claim, the mother and daughter claim past, and fear of future, persecution. The described past-persecution harms do not rise to the level of the "extreme conduct to qualify for asylum protection" under our precedent. *Majd v. Gonzales*, 446 F.3d 590, 595–96 (5th Cir. 2006) (citation omitted) (denying asylum despite "generally dangerous conditions" in home country and incidents at applicant's place of employment). Additionally, the claims for fear of future persecution must fail because any potential fear is not based on a protected ground. 8 C.F.R. § 208.13(b)(2)(i).

The standard of proof is higher for withholding of removal than asylum. Because the asylum claims fail, the family's withholding of removal claim necessarily fails. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 19-60868

Regarding CAT relief, the family contends: the Honduran police force is generally known to be corrupt; and their prior experiences and harms suffered establish a well-founded fear of future persecution. Our precedent, however, forecloses this claim. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006) (requiring state's clear acts or willful ignorance in torture).

DENIED.